### I. W. SMITH *v.* A. SMITH AND G. CLARK.

The time for bringing appeals from the equity courts being regulated by rule, the Chancellor, on sufficient cause being shown, may dispense with the rule and enlarge the time.

This court alone has the power to suspend the operation of the rule, and give relief in such a case.

Where a creditor, having a judgment lien upon property, agreed with the vendor and purchaser to relinquish it, and take an assignment of the mortgage given for the purchase-money in lieu thereof, he is entitled to satisfaction of the mortgaged premises, to the extent of his judgment lien, in preference to an equitable claim of off-set in behalf of the mortgagor, which has subsequently arisen.

THIS was an appeal from an interlocutory order of the Equity Court of the eighth circuit, ordering a conditional dissolution of an injunction. The defendant Clark was the assignee of a bond and mortgage given by the appellant to A. Smith, and the injunction restrained him from proceeding to sell the mortgaged premises under the statute. The appellant used due diligence for the purpose of entering his appeal within the time prescribed by the rule of this court, but in consequence of the remoteness of the residence of the circuit judge from the clerk's office, the necessary certificate was not procured until the evening of the last day for appealing. The solicitor for the appellant went immediately to the clerk's *office to file the same and enter the appeal, but finding the office shut, he entered the appeal and made the necessary deposit the next morning. An application was made to this court for leave to the appellant to proceed on the appeal, notwithstanding the ex-

piration of the 15 days, and that the injunction be revived until the decision of this court.

The Chancellor held, that as the time for appealing was regulated by a rule of this court, the rule might be dispensed with, and the time enlarged on sufficient cause being shown; and that this court alone had the power to dispense with the rule, and give relief in such a case. He directed that the appeal should be deemed to have been entered in time, and that the injunction should be revived until a hearing of the appeal on its merits.

The appeal was noticed for hearing on the next motion day, and was submitted without argument.

*J. Dixon*, for the appellant.

*G. C. Bronson*, (attorney-general,) for respondent.

THE CHANCELLOR:—The bill charges that Clark is not a *bona fide* assignee of the bond and mortgage, but took it subject to the equitable claim of the appellant under the bond given to secure to him the enjoyment of the good will of the practice, which he purchased at the time the bond and mortgage was given. The answer, which in this respect must be considered as responsive to that charge in the bill, alleges that Clark had a judgment lien on the mortgaged premises, which he agreed to relinquish, on condition that the bond and mortgage should be assigned to him to secure the debt; and they were delivered over to him accordingly, immediately after their execution. This equity of the defendant Clark is prior in point of time to any which the appellant can have on account of a breach in the condition of A. Smith's bond to him. As between equal equities, the maxim *qui prior est in tempore potior est in jure*, applies. If, in addition to this, the party having the prior equity has also the legal right, it would be contrary to the settled principles of this court to interfere and deprive him of it.

1829

Case
v.
Abeel.

*The amount of the instalment now due is less than the judgment lien which Clark relinquished at the time the bond and mortgage were given. The circuit judge was correct in requiring payment of that amount as a condition of the continuance of the injunction. The decretal order must be affirmed with costs; and the injunction must be dissolved, unless the conditions of that order are complied with in thirty days from this time. And the cause must be remitted back to the equity court, to be further proceeded in there.